# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOSEPH DEION PAGE, #648286,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **NO. 3:25-cv-00884** |
| | **)** | |
| **SEAN PHILLIPS, Warden, et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

## MEMORANDUM OPINION AND ORDER

Joseph Page, an inmate of the Morgan County Correctional Complex (MCCX) in East Tennessee, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 7). He also filed two motions to admit evidence (Doc. Nos. 4, 5), a motion to appoint counsel (Doc. No. 6), and a motion to transfer this case to the Eastern District of Tennessee for consolidation with Petitioner's civil rights action pending there. (Doc. No. 10).

Because Petitioner's IFP application complies with Rule 3(a)(2) of the Rules Governing § 2254 Cases ("Habeas Rules")[1] and demonstrates that he cannot reasonably afford the five-dollar filing fee, the IFP application (Doc. No. 7) is **GRANTED**.

The Petition is now before the Court for initial review.

## I. INITIAL REVIEW

Habeas Rule 4 requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is

---

[1] These Rules apply to Section 2241 cases as well as Section 2254 cases. See Habeas Rule 1(b).

not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," McFarland v. Scott, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

The Petition before the Court lacks a signature, as required by Federal Rule of Civil Procedure 11, see Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, or other paper" be signed "by a party personally if the party is unrepresented"), and it fails to seek any particular relief. The Court will nevertheless give it preliminary consideration.

The Petition challenges the Tennessee Board of Parole's January 6, 2025 decision denying Petitioner parole based on the result of disciplinary proceedings that he claims were unconstitutional. (Doc. No. 1 at 2). Petitioner asserts that his due process rights were violated by the bias of the Disciplinary Board Chairperson, who told him, "Just shut the hell up Page, we all know you're a liar and a snitch." (Id. at 6–7). Petitioner claims that this statement by the Chairperson demonstrates that he was denied a "fair and impartial" hearing of his disciplinary charges (id. at 7), and that the tainted disciplinary proceedings resulted in parole being denied when it would otherwise have been awarded.

Section 2241 authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As opposed to 28 U.S.C. § 2254, a petition under Section 2241 is generally "reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). A convicted state prisoner, after exhausting his state remedies, may use Section 2241 to raise "claims generally pertaining to the computation of parole

2

or sentencing credits." <u>Benson v. Alexander</u>, No. 2:24-CV-2958-MSN-TMP, 2026 WL 786711, at *4 (W.D. Tenn. Mar. 20, 2026) (citing <u>Ali v. Tennessee Bd. of Pardon & Paroles</u>, 431 F.3d 896 (6th Cir. 2005); <u>Greene v. Tenn. Dep't of Corr.</u>, 265 F.3d 369, 372 (6th Cir. 2001)). When it comes to challenging the imposition of prison discipline, a habeas challenge must be made under Section 2254, and will only be cognizable if the disciplinary punishments "affect the fact or duration of [the prisoner's] confinement"; if they do not, "they are not a proper subject for a habeas corpus action." <u>Lee v. Mackie</u>, No. 2:15-CV-12, 2015 WL 1040272, at *2 (W.D. Mich. Mar. 10, 2015) (citing <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005)); <u>see also</u> <u>Greene</u>, 265 F.3d at 371 (agreeing with the Seventh Circuit "that § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings") (quoting <u>Walker v. O'Brien</u>, 216 F.3d 626, 633 (7th Cir. 2000)).

Here, the Petitioner does not claim that disciplinary punishments affected the duration of his sentence by reducing his good-time credits.[2] Rather, it attacks those punishments insofar as they affected his ability to win early release on parole. Specifically, in answer to the Section 2241 petition form's prompt for the "Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed)," Petitioner responded only that he was challenging "[d]enial of parole due to unconstitutional disciplinary proceedings." (Doc. No. 1 at 2).

---

[2] The Court notes that, while Petitioner's subsequently filed "Brief" refers to a loss of "six months of my earned good time credit" after allegedly being coerced into pleading guilty to misconduct by the Disciplinary Board Chairperson (Doc. No. 9 at 3), the Petition cannot be construed to assert that Section 2254 claim. Even if it could, and even if Petitioner had properly exhausted his state remedies for such a claim, he would not be permitted to proceed in this district but would be required to litigate the claim in the Eastern District of Tennessee, where he is in custody and where his disciplinary proceedings were held. <u>See</u> <u>Adams v. Lumpkin</u>, No. CV H-20-3367, 2020 WL 6787138, at *2 (S.D. Tex. Oct. 7, 2020) (finding the interests of justice best served by requiring that a challenge to "the forfeiture of good-time credits following a disciplinary hearing" be heard in the district of confinement, where "prison disciplinary hearing records and records concerning the calculation of [prisoner's] good-time credits and his eligibility for release to mandatory supervision are presumed to be").

As alluded to above, Section 2241 may be used to challenge the constitutionality of a parole denial, but the exhaustion requirement applies. Seaton v. Kentucky, 92 F. App'x 174, 175 (6th Cir. 2004); Adams v. Genovese, No. 1:17-cv-00098, 2018 WL 2560397, at *5 (M.D. Tenn. June 4, 2018). The requirement of exhausting available state remedies before seeking habeas relief in federal court "is a strictly enforced doctrine designed to promote comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Rayner v. Lee, No. 3:18-cv-01103, 2020 WL 58610, at *4 (M.D. Tenn. Jan. 6, 2020) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). It is Petitioner's burden to demonstrate exhaustion. Deberry v. Adams, No. 1:22-CV-01240-STA-JAY, 2025 WL 874800, at *6 (W.D. Tenn. Mar. 20, 2025) (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)).

Notably, Section 2241 petitioners must exhaust their remedies in the state trial **and** appellate courts. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust); see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio, 668 F.3d 804, 810 (6th Cir. 2012) (where state inmates seek relief under § 2241, they "must exhaust all available state court remedies before proceeding in federal court"). In this case, Petitioner claims to have pursued remedies before the Board of Parole, the BCCX Warden, and the Commissioner of the Tennessee Department of Correction. (See Doc. No. 1 at 2–4). He does not appear to have pursued a remedy in the Tennessee trial and appellate courts. Cf. Adams, 2018 WL 2560397, at *6 (describing petitioner's pursuit of declaratory judgment in Davidson County Circuit Court regarding denial of his parole application, followed by appeal to Tennessee Court of Appeals). Where "such a remedy

4

may be available, exhaustion is not deemed to be complete." <u>Seaton</u>, 92 F. App'x at 175 (citing <u>Brewer v. Dahlberg</u>, 942 F.2d 328, 340 (6th Cir. 1991)).[3]

In light of the Petition's multiple defects, including especially its failure to demonstrate exhaustion of its claims in the courts of the state, it plainly appears that Petitioner is not entitled to relief in this Court. Accordingly, the Petition will be dismissed without prejudice.

## II. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

This case is **DISMISSED** without prejudice to Petitioner's ability to refile in federal court after fully exhausting his remedies in the state courts. In light of the dismissal, Petitioner's pending motions (Doc. Nos. 4, 5, 6, 10) are **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Tennessee Department of Correction Felony Offender Lookup Information database, https://foil.app.tn.gov/foil/details.jsp (last visited June 5, 2026), reveals that Petitioner was again denied parole after a hearing on May 14, 2026.

5